In consideration of the mutual promises and covenants set forth herein and, if applicable, any monies paid to the Individual for the Services, the Parties agree as follows:

## II. Confidentiality

1. The Individual hereby undertakes to hold in strict confidence and shall not disclose and/or use and/or post in any way, including but not limited to social media and all other forms of media the Confidential Information obtained during the Services and/or for the reason of being around Related Parties, except as approved in writing by KH and will use the Confidential Information for no purpose other than the Services (**"Confidentiality Obligation"**). In addition to governing the disclosure of Confidential Information after the Effective Date, this Agreement will govern any disclosures of Confidential Information, prior to the Effective Date.
2. Starting from the Effective Date and for the term of this Agreement, the Individual undertakes not to communicate in anyway with any of the individuals/ employees working with any of the Related Parties.
3. The Individual further undertakes to hold in strict confidence and shall not disclose and/or use and/or post in any way, including but not limited to social media and all other forms of media any information related to any issues occurred with him in Qatar or elsewhere related to the Related Parties.
4. In certain instances, Confidential Information cannot be shared with the Individual's colleagues or employees of Related Parties. Therefore, the Individual understands that discussions of Confidential Information should not occur in private premises (whether residential, hotel, offices elevators, hallways or other public areas.
5. The Individual shall only permit access to Confidential Information to those employees having a need to know and who have signed confidentiality arrangements or are otherwise bound by confidentiality obligations at least equivalent to those contained herein.
6. The Confidentiality Obligation shall continue indefinitely. However, should a court of final appeal determine that the length of such period of undertaking as to confidentiality is unduly long; the Individual shall maintain such confidentiality for as long as is permissible by law.
7. Notwithstanding anything herein to the contrary, the Confidentiality Obligation shall not extend to any information which the Individual can reasonably prove to KH in writing:

    a) was, at the time of the disclosure or thereafter became, part of the public domain otherwise than through the Individual's fault or negligence;

    b) was lawfully obtained by the Individual from a third party with full rights of disclosure;

    c) was already in the Individual's unrestricted possession as of the date of receipt of such information pursuant to this Agreement prior to proceeding with the Services, as evidenced by written documentation in Individual's files or electronic devices; or

2

f) is information which the Individual is legally obliged to disclose by reason of any law, regulation, rule or other requirement of any court, government, stock exchange or any agency or department.

8. If Individual is required by law or a court of competent jurisdiction to disclose any Confidential Information, Individual shall (unless prohibited by law) provide Related Parties with prompt written notice thereof so that Related Parties may seek a protective order or other appropriate remedy. The Individual shall furnish only that portion of the Confidential Information that is necessary in order to comply with such legal obligation.

9. Upon KH request, the Individual shall promptly return to KH all information and documents, including all copies and notes, regardless of whether they are in hard copy form or electronic form or otherwise, including e-mails, containing or concerning Confidential Information and will allow reasonable access by representatives of KH to verify that this has been done.

### III. Indemnity

The Individual agrees to indemnify and hold harmless KH and Related Parties at all times against all or any costs, claims, damages, judgments or expenses incurred by KH and the Related Parties, or for which KH and Related Parties may become liable, with respect to any breach of this Agreement by the Individual.

### IV. Remedies

The Parties acknowledge and agree that:

1. KH shall be entitled to the remedies of injunction, specific performance and other relief for any breach of the provisions of this Agreement; the Individual further agrees that no bond or other security shall be required in obtaining such relief and hereby consent to the issuance of such injunction and the ordering of specific performance. The duties and obligations of the Individual and undertakings given by the Individual under this clause herein shall survive the termination of this Agreement for any reason whatsoever.

2. If KH shall commence any action or proceeding against the Individual to enforce the provisions of this Agreement, or to recover damages as the result of the alleged breach of any of the provisions of this Agreement, KH therein shall be entitled to recover all reasonable costs incurred in connection therewith against the Individual including reasonable attorney's fees.

### V. Assignment and Delegation

The Individual shall not assign and/or delegate any of the Individual's rights or obligations under this Agreement to any party without the prior written consent of KH.

## VI. Third-Party Beneficiaries

1. The Parties do not confer any rights or remedies upon any person or entity other than the Parties to this Agreement and their respective successors and permitted assigns, except as otherwise permitted herein.
2. The Parties hereby designate Related Parties as third-party beneficiaries of this Agreement having the right to enforce this Agreement in its entirety.

## VII. Governing Law, Jurisdiction and Disputes

1. A party may at any time seek equitable remedies in any court having competent jurisdiction. Subject to the preceding sentence, any dispute arising out of or in connection with this Agreement, including without limitation, any question regarding its existence, validity or termination, shall be submitted to binding arbitration before the American Arbitration Association. The place of arbitration shall be in Cincinnati, Ohio, United States of America. The arbitration award shall be final and binding on the parties and shall be entered and enforceable by any court having competent jurisdiction. The number of arbitrators shall be one. The language to be used in the arbitral proceedings shall be English.

2. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Delaware.

## VIII. No Waiver

KH failure to insist upon strict compliance with any of the terms, covenants or conditions hereof shall not be deemed a waiver of such terms, covenants and conditions. Any delay by KH in exercising any of it rights herein shall not constitute a waiver of these rights.

## IX. Severability

If any part, term or provision of this Agreement shall be held void, illegal, unenforceable, or in conflict with any law having jurisdiction over this Agreement, the validity of the remaining portions or provisions shall not be affected thereby, and the court shall revise such provision the least amount necessary to make it enforceable. For avoidance of doubt, in the event this Agreement was held to be void, illegal or unenforceable against any Party, the validity of the Agreement as between the remaining Parties shall not be affected thereby.

## X. Entire Agreement

This Agreement is the entire Agreement of the Parties and supersedes all prior undertakings or agreements between the Parties with respect to the subject matter hereof. This Agreement shall be binding upon the permissible assigns of the Parties hereto and shall not be modified except in writing duly signed by all Parties.

XI. **Interpretation**

1. The Parties agree that the "Recitals" section of this Agreement is intended to be binding and operative.
2. This Agreement is without prejudice to any other duties of confidentiality owed by the Individual to the Related Parties.
3. KH makes no representations or warranties concerning the Confidential Information disclosed herein. KH is providing the Confidential Information on an "as is" basis, without warranties of any kind, and will have no liability to the Individual (or any third party) for any damages that may result from use of or reliance on the Confidential Information disclosed herein.
4. This Agreement constitutes the product of the negotiation of the Parties hereto and it shall be interpreted in a neutral manner, and not more strongly for or against any Party.

XII. **Counterparts**

This Agreement shall become binding when one or more counterparts taken together shall have been executed and delivered by each of the Parties. The transmission of an executed copy of this Agreement by fax in the manner hereby contemplated shall be deemed to constitute execution and delivery of an original executed copy.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

By: _____

On behalf of KH Holding ("KH")

By: _____

Name: Mathew Justin Pittard

# CONFIRMATION

I the undersigned, Mathew Pittard confirm and certify that all Confidential Information (as defined in the Confidentiality Agreement dated 10th July 2018) in electronic format was returned back to the Related Parties (as defined in the Confidentiality Agreement dated 10th July 2018) in compliance with the Confidentiality Agreement or destroyed and that I don't have any backup of such Confidential Information.

I also undertake to destroy Confidential Information in hardcopy or printed format using a cross-cut shredder or an equivalent destruction method.

I further confirm that the Related Parties shall have the right to use all their legal rights to protect the Confidential Information if the above information is false or misleading.

Name: Mathew Pittard

Signature:

July 10th, 2018

# **CONFIRMATION**

I the undersigned, Mathew Pittard acknowledge that, in addition to the repatriation expenses that was borne by KH Holding, I have received from the KH Holding LLC the amount of QAR7,300 as an additional repatriation allowance to the USA.

Name: Mathew Pittard

Signature:

July 10th, 2018

# Full & Final Settlement from 15-08-2017 to 09-07-2018

Name : Mr. Matthew Justin Pittard
Designation : Sr. Defense Consultant
DOJ : 15.08.2017

Basic Salary $ 8,500.00

## One month salary

| Particulars | From Date | To Date | No. of Days | Payment Days | Salary |
|---|---|---|---|---|---|
| Notice Period | | | 30 | 30 | $ 8,500.00 |
| Bonus | | | | | $ 13,944.00 |
| | | | | Total | $ 22,444.00 |

Net Salary $ 8,500.00

## Full & Final settlement from 15-08-2017 to 09-07-2018

| Particulars | From Date | To Date | No. of Days | Payment Days | Leave Salary |
|---|---|---|---|---|---|
| F&F | 15-Aug-17 | 09-Jul-18 | 329 | 27 | $ 7,556.69 |
| | | | | Total | $ 7,556.69 |

One month salary $ 22,444.00
Full & Final settlement from 15-08-2017 to 09-07-2018 $ 7,556.69

Net Payable in USD $ 30,000.69
Net Payable in QAR QAR 109,502.52

I, the undersigned Mathew Pittard, I understand that I will receive the above amount money transfer after 5 busniess days from July 10th, 2018. I understand that the above amount will be sent to Wells Fargo Bank N.A. of 420 Montgomery San Francisco, CA 94104 USA, account number 383419210O according to my instruction ("Transfer"). I Confirm that the amount of this Transfer is the correct calculation for my end of service benefits ("Gratuity") as per the Qatari Labour Law. This amount of Gratuity is due to me for the reason of my work for his Excellency Khalid Bin Hamad Bin Khalifa Al Thani and his family ("Related Parties") in Qatar or elsewhere, in respect of the salaries and compensation in lieu of notice, leaves, and or any other dues which may likely to arise during my work for the Related Parties. I Therefore, in consideration of this Transfer payment, I discharged and released forever the Related Parties and KH Holding and KH subsidiaries, sister companies, administrators, managers, officers, employees and their successors in general completely and comprehensively from any current or future demand, right or claim of whatever kind relating to the aforementioned Gratuity. I consider this release is final and will not challenge by any method of legal remedy or file a lawsuit. I will abide by my confidential agreement and to my professional ethical confidentiality and in the event of any breach of NDA or any other professional responsibilities; I hereby accept for my previous employer to take all action required to protect his confidentiality.

| Prepared By | Verified By | Approved By | Accepted By |
|---|---|---|---|
| Jumana Yunis | Kamel Daou | Aman Shahani | Mr. Matthew Justin Pittard |

10/07/2018