UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11143-RGS

ROBERT VON SMITH, ET AL.

v.

SHEIKH KHALID BIN HAMAD BIN KHALIFA AL THANI, ET AL.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO ENFORCE
COURT ORDER

November 6, 2020

STEARNS, D.J.

This action purports to expose a "carousel of fraud" that revolves around Sheikh Khalid Bin Hamad Bin Khalifa Al Thani's Al-Anabi Drag Racing Team. Dkt. # 83 (Am Compl.) at 21, 27, 33, 40, 46, 49. Unfortunately, plaintiffs' repeated and inexplicable failure to comply with the basic procedural tenets of federal litigation have terminally frustrated the ability of the court to grasp and assess the merits of the accusations, whatever they may be.

Plaintiffs' filings have been consistently redundant and incoherent. The initial Complaint, filed on June 16, 2020, amounted to 137 pages, containing some 800 paragraphs and 29 alleged causes of action. Then, in

response to defendants' Rule 12 motions, *see* Dkt. ## 49, 51, 53, plaintiffs replied by attaching to their opposition briefs over 100 exhibits, almost none of which were anchored anywhere in the pleadings, *see* Dkt. ## 64-70.

The court granted defendants' motions for a more definite statement because the initial Complaint was "virtually impossible to decipher." Dkt. # 80. The court warned that the case would be dismissed unless plaintiffs amended the complaint to "eliminate[] extraneous allegations, plead[] facts in a simplified manner, and identif[y] which allegations are relevant to each count in language comprehensible to a person of reasonable intelligence." *Id.*

Plaintiffs' latest response has been to file an Amended Complaint with the same absence of scaffolding. The new pleading spans 97 pages and 731 paragraphs and sets out 25 claims embellished with 63 exhibits totaling hundreds more pages. Defendants now move to enforce this court's prior order and seek to have the case dismissed. Dkt. # 84. For the reasons that follow, the court will allow defendants' motion.

## DISCUSSION

Rule 8 requires a "*short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The court may dismiss a complaint if a plaintiff fails to comply with this

requirement. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). Failing to follow the rule "place[s] an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Miranda v. United States*, 105 F. App'x 280, 281 (1st Cir. 2004), quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, at 522 (1990).

The Amended Complaint violates Rule 8 in too many ways to excuse. First, it remains "excessively long and unnecessarily redundant." *Kuehl*, 8 F.3d at 908. The court has already critiqued plaintiffs' initial Complaint for its length. *See* Dkt. # 80. Plaintiffs not only have failed to meaningfully condense the Amended Complaint, but also have adorned it with hundreds more pages of exhibits. Further, the Amended Complaint contains a slew of redundant allegations, many of which pop up verbatim (and often unexpectedly) in multiple sections of the Amended Complaint. *Compare* Am. Compl. ¶¶ 178-187 *with id.* ¶¶ 519-28. While plaintiffs did add paragraphs to each count identifying which allegations were supposedly pertinent (per the court's order), these minor additions do little if anything to bring order to the jerry-built pleadings.

Second, plaintiffs shirk their pleading obligations by attaching exhibits rather than alleging facts in the body of the Amended Complaint. Plaintiffs

3

refer to "[d]ocumentation reflecting same" and "[d]ocumentation showing such" as support for their otherwise conclusory statements. *See, e.g., id.* ¶¶ 106, 153, 155. But "[e]ven where exhibits are appropriate, they are not a substitute for pleading one's claim within the body of the complaint." *Rice v. Spencer*, 2014 WL 2453104, at *2 (D. Mass. May 29, 2014); *see also Snyder v. Contracted Med. for the DOC*, 2020 WL 4569661, at *4 (D. Mass. Aug. 7, 2020) (same).

Third, despite instructing plaintiffs to trim extraneous information from the pleadings, the Amended Complaint is rife with allegations concerning unrelated individuals and events, such as Al Thani's "non-functioning officers and directors" and one plaintiff's chore of scouting schools for Al Thani's children. *See, e.g.*, Am. Compl. ¶¶ 54-56, 85-87, 103-105, 111-112, 226-228, 288, 302-309. The extent and expanse of these irrelevant allegations violates the short and plain statement requirement. *See, e.g., Barricello v. Bank of Am., N.A.*, 2019 WL 1333271, at *3 (D. Mass. Mar. 25, 2019) (finding "repetitious allegations of the defendants' alleged fraud and general wrongdoing" to constitute a Rule 8 violation); *Nwaubani v. Grossman*, 2014 WL 12914528, at *5 (D. Mass. Feb. 28, 2014) (allegations about irrelevant individuals was one factor in a Rule 8 violation).

Finally, the Amended Complaint is structured according to no coherent or discernible pattern. It proceeds from general allegations about the corporate structure of Al Thani's car racing business to personal narratives of each plaintiff's grievances. Within these miniature biographical statements, allegations are neither chronological nor organized by claim; rather, they proffer a farrago of arguments, insults, and grievances – some premised on facts, some on conclusory statements – that leap between different points in time and areas of subject matter. It is the responsibility of the plaintiff to direct the court to facts plausibly supporting its claims. *Cf. Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 42 (1st Cir. 2006). Such disorganized pleading, especially compounded by the Amended Complaint's many other problems, is as impenetrable as a Nostradamus quatrain.

Given this present state of affairs, dismissal is warranted. While dismissal may be an "overly harsh penalty merely for overdrafting," the analysis changes when the court has "before it a flouted order and no indication that plaintiffs [a]re ready to conform to Rule 8(a)'s requirements." *Kuehl*, 8 F.3d at 908 (affirming dismissal of a 43-page, 358-paragraph complaint following plaintiffs' failure to properly amend); *see also* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at 178 (1990) ("[I]n some circumstances if a party fails or refuses to file an amended

and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted.").

The Amended Complaint is plaintiffs' fourth attempt to plead this lawsuit. In a prior assay in the District Court for the Middle District of Florida, two of the instant plaintiffs, Mathew Pittard and Matthew Allende, voluntarily dismissed the action after filing and then amending a complaint premised on these same allegations. *See* Dkt. #84 at 3 n.3. Despite the opportunity given plaintiffs to correct the procedural deficiencies of their initial filing in this court, the Amended Complaint contained the same – if not more egregious – Rule 8 violations as the original Complaint. To the extent that plaintiffs may have a plausible claim buried somewhere in the mass of verbiage that makes up their pleadings, the court is confident that it will never see daylight given the inability of plaintiffs and their counsel to grasp the meaning of Rule 8 after an opportunity to amend for this very purpose.

For these reasons, the court finds no need to delve into defendants' other arguments involving personal jurisdiction and plaintiffs' failure to abide by the pleading requirements of Rules 9(b) and 12(b)(6).

## ORDER

For the foregoing reasons, the court <u>ALLOWS</u> defendants' motion to enforce its October 8, 2020 order.  The Amended Complaint is dismissed with prejudice.

                SO ORDERED.

                <u>/s/ Richard G. Stearns          </u>
                UNITED STATES DISTRICT JUDGE